**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to:

*United States v. 3M Company*
Case No. 3:20-mc-54
_____/

# ORDER

Pending before the Court is the Government's petition to quash Defendants' non-party deposition subpoena to Dr. Jodee Donaldson (an employee of the Department of Veterans Affairs) pursuant to Federal Rule of Civil Procedure 45 and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) ("*Touhy*").  MC ECF No. 1.[1]  Magistrate Judge Barbara Holmes transferred the petition to quash from the Middle District of Tennessee to this Court on October 5, 2020, MC ECF No. 7, and Defendants have filed a response in opposition to the petition, MC ECF No. 11.  For the reasons discussed below, the Government's petition to quash is **DENIED**.

---

[1] For ease of reference, citations to the docket in this miscellaneous matter (Case No. 3:20-mc-54-MCR-GRJ) are "MC ECF No. __."  Citations to the docket in the MDL (Case No. 3:19-md-2885-MCR-GRJ) are "MDL ECF No. __."

This petition is one of a series of petitions or motions to question filed by the Government concerning Defendants' discovery subpoenas to current VA employees.  See *United States v. 3M Company*, Case No. 3:20-mc-49-MCR-GRJ, ECF No. 1 (N.D. Fla. Sept. 2, 2020) (as to Dr. Leslie Schulman); *United States v. 3M Company*, Case No. 3:20-mc-53-MCR-GRJ (N.D. Fla. Sept. 11, 2020) (as to Ms. Cheryl Parker).  On October 9, 2020, the Court entered a comprehensive order denying the Government's petition to quash the subpoena to VA audiologist Dr. Schulman.  *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:20-mc-49, 2020 WL 5994266, at *1 (N.D. Fla. Oct. 9, 2020) ("*Schulman*").  And last week, the Court, applying the principles discussed in *Schulman*, denied the Government's motion to quash the subpoena of VA audiologist Ms. Parker. *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:20-mc-53, 2020 WL 6065076, at *1 (N.D. Fla. Oct. 14, 2020) ("*Parker*").  Because much of the background, applicable law, and arguments addressed in *Schulman*, and now *Parker*, are the same as to Dr. Donaldson—and the parties are intimately familiar with them—the Court will not restate them unless it is necessary to understanding the Court's reasoning.

## I. BACKGROUND

This multidistrict litigation is a collection of products liability actions concerned with whether Defendants were negligent in their design, testing, and labeling of the nonlinear dual-ended Combat Arms Earplug Version 2 (the "CAEv2"). Plaintiffs are servicemembers, veterans, and civilians seeking damages in this action for hearing loss, tinnitus, and related injuries caused by their use of the CAEv2. MDL ECF No. 704. Defendants dispute these allegations. MDL ECF No. 959.

The Government is not a party to this litigation, MDL ECF No. 704 at ¶¶ 16-20, but the parties have identified the United States' various agencies and employees as critical sources of third-party discovery. On August 7, 2020, Defendants sent the VA Office of the General Counsel a request to take the deposition of Dr. Donaldson, an audiologist at the VA Tennessee Valley Healthcare System in Murfreesboro, Tenn. MC ECF No. 11-1. Defendants advised the VA that Dr. Donaldson was one of Bellwether Plaintiff Dustin McCombs' medical providers in 2015. *Id.* at 2. Specifically, Dr. Donaldson completed Mr. McCombs' compensation and pension examination for tinnitus on November 7, 2015. *Id.* at 3. Defendants sought to depose Ms. Parker regarding:

> (i) Mr. McCombs' compensation and pension examination for tinnitus on November 7, 2015; (ii) Ms. Donaldson's records

relating to that compensation and pension examination (and any other evaluations that Ms. Donaldson conducted of Plaintiff McCombs); (iii) Ms. Donaldson's notes from her evaluation of Plaintiff McCombs; (iv) any other evaluation or treatment that Ms. Donaldson did of Plaintiff McCombs or appointments that Plaintiff McCombs had with Ms. Donaldson; (v) policies and procedures related to military audiological evaluations and compensation and pension examinations; (vi) selection, distribution, fitting, and training for hearing protection devices; (vii) completion of documents and records regarding audiological evaluations; and (viii) completion of documents and records regarding the selection, distribution, fitting, and training of patients for hearing protection devices.

*Id.* Additionally, Defendants requested that Dr. Donaldson produce: (i) documents concerning the November 7, 2015, examination for Plaintiff McCombs (as well as any other evaluations of Plaintiff McCombs by Dr. Donaldson); (ii) documents relating to Plaintiff McCombs' tinnitus and his use of hearing protection devices; (iii) documents, communications, and correspondence between Plaintiff McCombs and the Tennessee Valley Healthcare System concerning any follow-up evaluations, appointments, or discussions related to the November 7, 2015, examination; (iv) written policies and procedures related to the diagnosis of tinnitus, audiological evaluations, and compensation and pension examinations; and (v) written policies and procedures related to the selection, distribution, fitting, and training for hearing protection devices. *Id.* at 3–4.

4

On August 24, 2020, in accordance with the Court's direction memorialized in Pretrial Order No. 50, Defendants issued a subpoena to Dr. Donaldson for an in-person deposition and the production of documents on September 17, 2020.  MC ECF No. 11-2.  The subpoena is materially identical to Defendants' August 7, 2020, discovery request.  *Id.* at 10.  The VA objected to the subpoena in a letter to Defendants' counsel, dated September 8, 2020.  MC ECF No. 11-3.  Defendants served an amended subpoena on Dr. Donaldson, changing only the location to a remote deposition.  MC ECF No. 11-4.

The VA's objections are divided into three categories.  First, the VA argued that Defendants' subpoena is unduly burdensome because it "would force agency counsel to spend time preparing Dr. Donaldson for her deposition and attending the deposition, and may also interfere with Dr. Donaldson's VA responsibilities."  MC ECF No. 11-3 at 3.  The VA claimed that any additional testimony or production by Dr. Donaldson is unnecessary because Plaintiff McCombs' records, which Defendants have, "speak for themselves[,]" and Dr. Donaldson has no independent recollection of treating Plaintiff McCombs.  *Id.*  Second, the VA raised myriad procedural objections to Defendants' subpoena, challenging its breadth, notice, and cumulative impact.  *Id.* at 3–6.  Finally, the VA argued

5

that Defendants' discovery request failed to satisfy nine of the 15 factors enumerated in 38 C.F.R. § 14.804 for the VA to consider, which the Court addresses below.  *Id.* at 6–10.

## II.  LEGAL STANDARD

As this Court explained in *Schulman*, the Government's petition to quash is governed by the Housekeeping Statute (5 U.S.C. § 301), the VA's *Touhy* regulations (38 C.F.R. § 14.800, *et seq.*), and the Administrative Procedure Act ("APA") (5 U.S.C. § 706).  2020 WL 5994266, at **3–5; *see also Westchester Gen. Hosp., Inc. v. Dep't of Health and Human Servs.*, 443 F. App'x 407, 409 n.1 (11th Cir. 2011); *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991).  In short, there are three important principles: (1) the Housekeeping Statute authorizes the VA to adopt regulations concerning testimony by agency employees and the production of government documents, *Touhy*, 340 U.S. at 463; (2) the VA considers 15 factors set forth in § 14.804 when deciding under § 14.807 whether to authorize agency employees to testify or produce documents; and (3) the Court must determine whether the VA's decision to authorize or preclude discovery from its employees is arbitrary and capricious under the APA, such that the agency failed to "examine[] the relevant data" or articulate "a

6

rational connection between the facts found and the choice made," *Dep't of Commerce v. New York*, 138 S. Ct. 2551, 2569 (2019).

## III.  DISCUSSION

Turning to the dispute at hand, the Government argues that the VA's decision to not comply with Defendants' subpoena to Dr. Donaldson is not arbitrary and capricious because the VA already produced the requested documents and the relevant *Touhy* regulations counseled against permitting Dr. Donaldson to sit for deposition.  MC ECF No. 1 at 6–9.  The Government argues further—seemingly in the alternative—that Defendants' subpoena should be quashed under Federal Rules of Civil Procedure 26 and 45 because it is unduly burdensome and unreasonably cumulative and duplicative.  *Id.* at 9–11.  Finally, the Government says Defendants' subpoena should be quashed to the extent it seeks opinion or expert testimony prohibited under § 14.808(a).  *Id.* at 11.

Defendants contend the VA's decision is arbitrary and capricious because the VA failed to consider the relevance of the discovery sought from Dr. Donaldson, even in view of her assertion that she does not have any independent recollection of examining Plaintiff McCombs.  MC ECF No. 11 at 3–5.  For example, Dr. Donaldson can support the accuracy of her records, in the face of any eventual challenge by Plaintiff McCombs, by

7

testifying to her record-keeping and other professional practices. *Id.* at 4. Moreover, Defendants argue the VA's decision to preclude document production by Dr. Donaldson is arbitrary and capricious because there is no factual basis for such a decision where the documents being sought are not duplicative of the medical records the VA has already produced and are not confidential. *Id.* at 7. Defendants also assert that the VA's concerns for Dr. Donaldson's workload or the VA's relationship to the litigation fail to substantiate its claim of undue burden. *Id.* at 5–6.

Upon review of the administrative record,[2] the Court concludes that the Government's petition to quash is due to be denied. The VA's decision to preclude discovery from Dr. Donaldson is arbitrary and capricious because it is not supported by any rational connection between the facts before the agency and its reasoning. Alternatively, Defendants' subpoena is not unduly burdensome or other improper under the Federal Rules of Civil Procedure. Finally, Defendants' subpoena does not seek improper expert or opinion testimony from Dr. Donaldson.

---

[2] "[I]n reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record." *Dep't of Commerce*, 139 S. Ct. at 2573.

## A.   APA Review

The Government argues that the VA's decision is not arbitrary and capricious because the VA considered and applied the factors set forth in 38 C.F.R. §§ 14.804(a), (b), (c), (d), (f), (i), (j), (l), and (o).  MC ECF No. 1 at 9; *see also* MC ECF No. 12-3 at 6–10.  The VA's conclusive reasoning as to Dr. Donaldson is nearly identical to that underlying the agency's decision to preclude discovery from Dr. Schulman and Ms. Parker. *Compare id.* (addressing Dr. Donaldson), *with* Case No. 3:19-mc-49-MCR-GRJ, ECF No. 12-3 at 7–11 (addressing Dr. Schulman); Case No. 3:19-mc-53-MCR-GRJ, ECF No. 14-3 at 7–11 (addressing Ms. Parker). Consequently, the result is the same.  That is, the VA's reasoning fails APA review because it is arbitrary and capricious.

First, the VA failed to articulate any rational basis for precluding Dr. Donaldson's deposition based on her workload.  Although Defendants and the Court are not in the position to challenge the VA's judgment as to the allocation of its resources, *Solomon v. Nassau Cty.*, 274 F.R.D. 455, 459 (E.D.N.Y. 2011), a cursory claim that an employee is "too busy" to comply with a third-party discovery request is an impermissible "blanket ban on all requests for testimony," *Moore*, 927 F.2d at 1198, which, in turn, is tantamount to invoking an evidentiary privilege the Government does not

9

enjoy. Even where the VA provided *some* explanation of an employee's duties and how compliance with a subpoena would interfere with those duties, the Court has twice concluded the agency failed to substantiate its decision on this basis because there was no rational explanation as to why an employee's remote deposition or production of documents could not take place around her work obligations and at a time convenient for her. *Parker*, 2020 WL 6065076, at *4; *Schulman*, 2020 WL 5994266, at *6; *see also Rhoads v. U.S. Dep't of Veteran Aff.*, 242 F. Supp. 3d 985, 994–95 (E.D. Cal. 2017); *Ceroni v. 4Front Engineered Sols.*, 793 F. Supp. 2d 1268, 1278 (D. Colo. 2011).

The VA's reasoning as to Dr. Donaldson holds less water than that offered in *Schulman* and *Parker* because the agency provided *no* explanation of Dr. Donaldson's duties and, relatedly, how discovery in this case would interfere with her work at the VA. The VA stated in its September 8, 2020, letter that compliance with Defendants' subpoena "would force agency counsel to spend time preparing Dr. Donaldson for her deposition and attending the deposition, and may also interfere with Dr. Donaldson's VA responsibilities." MC ECF No. 11-3 at 3. This generalized assertion fails to support the notion that the VA examined the actual

evidence before it.³ *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  Indeed, it is error for the VA to preclude an employee from offering third-party discovery in private litigation based on an employee's workload, under § 14.804(a), without explaining how "the [employees] patient load, schedule, or other official duties would be hampered by complying with" the discovery request.  *OhioHealth Corp. v. U.S. Dep't of Veteran Aff.*, No. 2:14-cv-292, 2014 WL 4660092, at *6 (S.D. Ohio Sept. 17, 2014); *see also Sentinel Cap. Orlando, LLC v. Centennial Bank*, No. 6:12-cv-785-Orl-36GJK, 2013 WL 12156678, at *6 (M.D. Fla. Apr. 2, 2013) (the Government "may not refuse to comply with a subpoena by generally asserting there is a national crisis or that it cannot perform essential government functions").  At bottom, the VA's decision lacked any rational connection to Dr. Donaldson's workload.

Second, the VA failed to consider the relevancy of Dr. Donaldson's testimony notwithstanding her statement that she is unable to recall her evaluation of Plaintiff McCombs.  MC ECF No. 11-3 at 7.  Defendants plan to question Dr. Donaldson about her records from the evaluation, her

---

³ The Government says, "The VA analyzed Dr. Donaldson's workload, including how the current health emergency has delayed Veteran access to care, which is further delayed by decreased staff, leaving more of the burden of serving the Veteran population on Dr. Donaldson."  MC ECF No. 1 at 8.  Not only is this generalized assertion still insufficient, this purported analysis is not found in the VA's September 8, 2020, letter precluding Defendants' discovery request.

11

progress notes, and any other evaluation or treatment she provided to Plaintiff McCombs regarding the very injury Plaintiff McCombs asserts in this case. MC ECF No. 11 at 5; MC ECF No. 11-1 at 3. This testimony is obviously relevant to Plaintiff McCombs' claims in this action, and—as with Dr. Schulman's evaluation of Plaintiff Vernon Rowe and Ms. Parker's evaluation of Plaintiff Lloyd Baker—Dr. Donaldson does not need an independent recollection of the evaluation to explain Plaintiff McCombs' medical records or her practices as an audiologist. *Parker*, 2020 WL 6065076, at *4; *Schulman*, 2020 WL 5994266, at **6–7; *Brown v. U.S. Dep't of Veterans Aff.*, No. 2:17-cv-1181-TMP, 2017 WL 3620253, at *8 n.12 (N.D. Ala. Aug. 22, 2017). The VA's reasoning is also faulty because the agency failed to consider whether Dr. Donaldson's testimony about these topics was "appropriate or necessary" under the rules governing the admissibility of her examination records for Plaintiff McCombs. *Portaleos v. Shannon*, No. 5:12-cv-1359-LEK-TWD, 2013 WL 4483075, at *6 (N.D.N.Y. Aug. 19, 2013).

Third, the VA's conclusion that its *Touhy* regulations counseled against involving Dr. Donaldson in this litigation—by authorizing her to be deposed—is untenable. *Parker*, 2020 WL 6065076, at *4; *Schulman*, 2020 WL 5994266, at **7–9. The VA's prioritization of its "official duties" and

12

"statutory duties" in § 14.804(a) and § 14.804(b) does not grant the VA an absolute evidentiary privilege from third-party discovery requests not enjoyed by other disinterested witness, and authorizing Dr. Donaldson's factual testimony does not result in the appearance that the VA is endorsing one party over the other in this private litigation.  *Brown*, 2017 WL 3620253, at *8; *see also In re Vioxx Prods. Liab. Litig.*, 235 F.R.D. 334, 346 (E.D. La. 2006) (the Government's production "of a fact witness for a single deposition does not make [the agency] a part of this litigation"). Moreover, and contrary to the VA's reasoning, MC ECF No. 11-3 at 8, Defendants' request for Dr. Donaldson to produce documents is not "unduly burdensome or otherwise inappropriate," § 14.804(d), because Defendants are seeking only "additional documents concerning [Plaintiff] McCombs in [Dr. Donaldson's] possession," MC ECF No. 11 at 7, that are not in the VA medical records, as well as relevant VA policies that the Government, notably, does not claim were already subject to discovery.

In sum, the Court concludes the VA's decision to not comply with Defendants' subpoena to Dr. Donaldson is arbitrary and capricious.  The VA ignored relevant, undisputed facts in the administrative record and failed to offer a rational connection between other facts and its decision to not authorize Dr. Donaldson to testify or produce documents.

## B.   Federal Rules of Civil Procedure

The Government's reliance on the Federal Rules of Civil Procedure fares no better.[4]  The Court must quash a subpoena that "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iv).  The Government, as the movant seeking to quash the subpoena, bears the burden of proof on this issue.  *In re Application of Mesa Power Grp., LLC*, 878 F. Supp. 2d 1296, 1306 (S.D. Fla. 2012); *Fadalla v. Life Auto. Prods., Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007).  Courts consider a variety of factors to determine whether a subpoena is unduly burdensome—the relevance of the information requested, the requesting party's need for discovery, the breadth of the request, the time period covered, the particularity of the request, and the burden imposed—but it is typically required that the movant submit an affidavit or other evidence revealing the nature of the asserted burden.  *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 449 (N.D. Tex. 2015); *see also John v. Keller Williams Realty, Inc.*, No. 6:19-cv-1347-Orl-40DCI, 2019 WL 7482200, at *2 (M.D. Fla. Nov. 19, 2019) ("Claims of undue burden should be supported by a

---

[4] Although the Court must apply the APA's arbitrary and capricious to disputes such as this, the Court will address these arguments because it leads to the same result.

14

statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome.").

Here, the Government has not presented an affidavit or other evidence in support of its claim of undue burden. This alone is a basis to reject the Government's claim. *Green v. Cosby*, 152 F. Supp. 3d 31, 37 (D. Mass. 2015). Nevertheless, the Court has considered the evidence proffered by the Government regarding Dr. Donaldson's employment, her inability to independently recall Plaintiff McCombs' examination, and the prior records concerning Plaintiff McCombs' treatment that the VA has produced to the parties. The Court concludes that Defendants' subpoena does not present an *undue* burden on the VA or Dr. Donaldson. *Parker*, 2020 WL 6065076, at **4–5; *Schulman*, 2020 WL 5994266, at *8. Defendants have asked Dr. Donaldson to attend a brief, remote deposition to testify to her area of expertise and a past evaluation of Plaintiff McCombs. Compliance may be an inconvenience for Dr. Donaldson, but this is no different than a subpoena to a non-party treating physician or healthcare worker in any other personal injury case.

Defendants' subpoena is not otherwise improper under the Federal Rules of Civil Procedure. The subpoena does not seek "unreasonably cumulative or duplicative" discovery, Fed. R. Civ. P. 26(b)(2)(C), because it

15

is clear that Defendants are asking Dr. Donaldson to produce only documents she may have that were not already produced in Plaintiff McCombs' medical records. *Schulman*, 2020 WL 5994266, at *8.

In sum, the Government's petition to quash Defendants' subpoena of Dr. Donaldson is due to be denied because it is not unduly burdensome and does not seek unreasonably cumulative or duplicative discovery.

### C. Expert or Opinion Testimony

Lastly, the Court is not persuaded that Defendants' subpoena calls for Dr. Donaldson to offer expert or opinion testimony barred under § 14.808. MC ECF No. 1 at 11. This is a well-established restriction in the VA's *Touhy* regulations, but the Government, like the VA before it, does not provide any factual basis for the claim that Defendants intend to take such testimony. *Brown*, 2017 WL 3620253, at *6; *see also* MC ECF No. 11-3 at 5.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that the Government's petition to quash, MC ECF No. 1, is **DENIED**. Defendants **must** serve a copy of this order by email on Jacqui Snead at the Department of Justice, Shaquana L. Cooper at the VA Office of the General Counsel, and Plaintiffs' Lead Counsel Bryan

F. Aylstock.

**DONE AND ORDERED** this 19th day of October 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge